UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DATACOM WARRANTY CORPORATION, | : | |
| | : | |
| Plaintiff, | | |
| | : | CIVIL ACTION NO. |
| v. | | |
| | : | 1:06-CV-01835-MHS |
| THE PHONE CONNECTION OF KANSAS, INC. and TPCKS, INC., Defendants. | : | |
| | : | |

## ORDER

Presently before the Court are defendant's motion to dismiss for personal jurisdiction and plaintiff's alternative motion to stay consideration of defendant's motion to dismiss pending discovery. The Court's rulings and conclusions are set forth below.

Background

Plaintiff Datacom Warranty Corporation ("Datacom"), a Georgia corporation, filed suit in the Superior Court of Dekalb County against defendants The Phone Connection of Kansas, Inc. and TPCKS, Inc. ("TPCKS"), both Kansas corporations. Datacom alleges claims for false designation of origin, unjust

enrichment, breach of contract, false advertising, unfair competition, and violation

of the Georgia Uniform Deceptive Trade Practices Act.  On August 4, 2006,

TPCKS removed the case to this Court.


On August 9, 2006, TPCKS filed a motion to dismiss for lack of personal

jurisdiction.  In addition to filing a response to TPCKS's motion, Datacom filed

a motion to stay consideration of TPCKS's motion to dismiss pending discovery.

TPCKS opposes Datacom's motion to stay and request for discovery.


Discussion

Plaintiff bears the burden of establishing personal jurisdiction.

Consolidated Dev. Corp. v. Sherritt, Inc., 216 F.3d 1286, 1291 (11th Cir. 2000);

Francosteel Corp. v. M/V Charm, 19 F.3d 624, 626 (11th Cir. 1994); Maxwell

Chase Technologies, L.L.C. v. KMB Produce, Inc., 79 F. Supp. 2d 1364, 1366

(N.D. Ga. 1999).  If the Court does not hold a discretionary evidentiary hearing

on a motion to dismiss for lack of personal jurisdiction, a plaintiff is only required

to set forth a prima facie case of jurisdiction.  Consolidated, 216 F.3d at 1291; see

also Allegiant Physicians Serv., Inc. v. Sturdy Memorial Hospital, 926 F. Supp.

1106, 1112 (N.D. Ga. 1996).  "A prima facie case is established if the plaintiffs

2

. . . present sufficient evidence to defeat a motion for directed verdict."

Francosteel, 19 F.3d at 626. "The plaintiff bears the burden of proving 'by

affidavit the basis upon which jurisdiction may be obtained' only if the defendant

challenging jurisdiction files 'affidavits in support of his position.'" Posner v.

Essex Ins. Co., Ltd., 178 F.3d 1209, 1214 (11th Cir.1999) (quoting Venetian

Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989)).  At this stage of the

proceedings, the Court takes the allegations in the Complaint as true to the extent

that they are uncontroverted by the defendant's evidence. Morris v. SSE, Inc., 843

F.2d 489, 492 (11th Cir. 1988).  Where the parties present conflicting evidence

"the court must construe all reasonable inferences in favor of the non-movant

plaintiff." Id.


The exercise of personal jurisdiction over a defendant must satisfy the

requirements of the Due Process Clause of the Constitution. See Railcar Ltd. v.

Southern Illinois Railcar Co., 42 F. Supp. 2d 1369, 1371 (N.D. Ga. 1999).  Due

process contemplates two types of personal jurisdiction: general jurisdiction and

specific jurisdiction. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S.

408, 414 (1984). General jurisdiction may be exercised "over a defendant in a suit

AO 72A
(Rev.8/82)

not arising out of or related to the defendant's contacts with the forum." Id. at 414 n.9.

In contrast, specific jurisdiction permits a court to exercise personal jurisdiction over a non-resident defendant only for claims arising out of that defendant's contacts with the forum.   Id. at 414 n.8.   Determining the permissibility of specific jurisdiction requires a two part inquiry.  First, the Court must consider the forum state's long arm statute to determine whether the state intended to extend personal jurisdiction over the non-resident defendant. Robinson v. Giarmarco & Bill, 74 F.3d 253, 256 (11th Cir. 1996). Second, once the long arm statute is satisfied, then the Court must determine whether the defendant has sufficient minimum contacts with the forum state so that the exercise of jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice."  Id. (citations omitted) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

The Georgia long arm statute confers personal jurisdiction to the full extent permitted by the Due Process Clause of the United States Constitution.

4

Francosteel, 19 F.3d at 627; <u>Innovative Clinical & Consulting Services, LLC v.</u>
<u>First Nat'l Bank of Ames</u>, 279 Ga. 672, 675 (2005) (construing sections (1) and
(2) of the long arm statute as "reaching only to the maximum extent permitted by
procedural due process" but conferring section (3) only when a defendant engages
in certain behavior within Georgia and subjects himself to personal jurisdiction).
Georgia's long arm statute, Ga. Code Ann.§ 9-10-91, provides in pertinent part
that:

> A court of this state may exercise personal jurisdiction over any
> nonresident or his executor or administrator, as to a cause of action
> arising from any of the acts, omissions, ownership, use, or possession
> enumerated in this Code section, in the same manner as if he were a
> resident of the state, if in person or through an agent, he:
> (1) Transacts any business within this state;
> (2) Commits a tortious act or omission within this state . . .;
> (3) Commits a tortious injury in this state caused by an act or
> omission outside this state if the tort-feasor regularly does or solicits
> business, or engages in any other persistent course of conduct, or
> derives substantial revenue from goods used or consumed or services
> rendered in this state; . . . .

Personal jurisdiction in this matter arises under section (1) of the Georgia
long arm statute. As the Georgia Supreme Court has confirmed that section (1)
of the long arm statute authorizes personal jurisdiction to the limits of Due
Process, then it is permissible for courts to pass over an analysis of the long arm
statute and exercise personal jurisdiction if the constitutional requirements are

5

satisfied.  See Peridyne Technology Solutions, LLC v.  Matheson Fast Freight, Inc., 117 F. Supp. 2d 1366, 1369 (N.D. Ga. 2000); Maxwell, 79 F. Supp. 2d at 1367; Carekeeper Software Dev. Co., Inc. v. Silver, 46 F. Supp. 2d 1366, 1369 (N.D. Ga. 1999); Allegiant, 926 F. Supp. at 1112.

Accordingly, the Court can proceed directly to the consideration of whether the exercise of personal jurisdiction over defendant is consistent with the Due Process clause.  In order to fulfill the minimum contacts requirement for specific jurisdiction, plaintiff must establish the existence of three factors: (1) plaintiff's cause of action must arise out of or relate to the non-resident defendant's contacts with the forum state; (2) the contacts with the state must show that the defendant purposefully availed itself of the privilege of conducting activities within the state, thereby invoking the benefits and protections of its laws; and (3) "the defendant's contacts with the forum must be such that the defendant should reasonably anticipate being haled into court there." Francosteel, 19 F.3d at 627 (internal citations and quotations omitted).  In sum, "[t]he availability of specific jurisdiction depends on the relationship among the defendant, the forum, and the litigation." Id.

6

Once the Court is satisfied that the plaintiff has established that a non-resident defendant has sufficient minimum contacts with the state, then the Court must consider these contacts in light of additional factors to ascertain whether asserting personal jurisdiction "would comport with fair play and substantial justice." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985) (quoting International Shoe Co., 326 U.S. at 320); see also Peridyne, 117 F. Supp. 2d at 1369; Maxwell, 79 F. Supp. 2d at 1368. These additional factors include "the burden on the defendant in defending the lawsuit, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies and the shared interest of the states in furthering fundamental substantive social policies." Robinson, 74 F.3d at 259; see also Peridyne, 117 F. Supp. 2d at 1369; Maxwell, 79 F. Supp. 2d at 1368. Consequently, it is possible for a non-resident defendant to have sufficient minimum contacts with the forum but these additional factors may make the assertion of personal jurisdiction unreasonable in a particular case. Maxwell, 79 F. Supp. 2d at 1368. On the other hand, these factors, "may serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts that

7

would otherwise be required." Robinson, 74 F.3d at 259.  With these principles in mind, the Court turns to the pending motions.

In support of its motion to dismiss, defendant TPCKS argues that it does not have minimum contacts with the State of Georgia to permit the exercise of personal jurisdiction and that it did not transact any business in Georgia.

In response, Datacom argues that TPCKS is subject to this Court's jurisdiction by virtue of a forum selection clause.  The Agreement containing this clause was entered into by Datacom and The Phone Connection of Kansas, Inc. The Phone Connection of Kansas, Inc. was incorporated in 1990, and to avoid confusion, the Court will refer to it as "the 1990 corporation."  Plaintiff contends that defendant TPCKS is a mere continuation of the 1990 corporation, and therefore, TPCKS is bound by the forum selection clause and subject to jurisdiction in Georgia.

Generally, a purchasing corporation does not assume the liabilities of the seller. Bullington v. Union Tool Corp., 254 Ga. 283, 284 (1985).  However, there are four exceptions to this rule: "(1) there is an agreement to assume liabilities; (2)

8

the transaction is, in fact, a merger; (3) the transaction is a fraudulent attempt to avoid liabilities; or (4) the purchaser is a mere continuation of the predecessor corporation." Id. In order for TPCKS to be a mere continuation of the 1990 corporation, there must be some identity of ownership. Pet Care Prof'l Ctr., Inc. v. Bellsouth Adver. & Publ'g Corp., 219 Ga. App. 117, 118 (1995); Bullington, 254 Ga. at 284. The key element of the mere continuation theory is a common identity of the officers, directors, and stockholders in the selling and purchasing corporations. Bud Antle, Inc. v. Eastern Foods, Inc., 758 F.2d 1451, 1458-59 (11th Cir. 1985).

In response to Datacom's mere continuation arguments, TPCKS contends that it is not a mere continuation of the 1990 corporation because there is a lack of the common identity of officers, directors, and stockholders between the companies. In particular, TPCKS argues that the 1990 corporation sold its assets to ISG Technology, Inc. ("ISG") in 1999. Defendant further explains that in 2003, ISG sold its assets to The Phone Connection of Kansas, Inc., a company that was incorporated in 2003. To avoid confusion, the Court will refer to this Phone Connection of Kansas, Inc. as "the 2003 corporation." Defendant contends that in the spring of 2004, the 2003 corporation sold its assets to TPCKS. Therefore,

9

TPCKS argues that the 1990 corporation's sale of assets to ISG broke any arguable continuity between the 1990 corporation and the 2003 corporation and TPCKS. TPCKS argues that ISG did not have a common identity of owners or officers with the 1990 or 2003 corporations. Thus, TPCKS avers that because it is not a mere continuation of the 1990 corporation, it is not bound by the forum selection clause in the Agreement between the 1990 corporation and Datacom.

Datacom argues in response that TPCKS is in the same line of business as The Phone Connection of Kansas, Inc.[1] Datacom avers that the companies share common ownership, common management, and the same business address. Datacom contends that TPCKS operates The Phone Connection of Kansas, Inc.'s website. Finally, Datacom argues that ISG was incorporated in 2001, not in 1999 as TPCKS contends.

In its alternative motion to stay, Datacom argues that if the Court finds that the record is not sufficiently developed, then it requests the opportunity for discovery on topics including the formation and ownership of defendants, ISG,

---

[1] Datacom does not specify whether it is referring to the 1990 or 2003 corporation.

and any related entities and the agreements or contracts related to the transfer of assets between defendants and ISG.  In response, TPCKS argues that discovery is not necessary because the Court has sufficient facts to grant its motion.

The Court may to allow limited discovery in order to resolve a motion to dismiss for lack of personal jurisdiction because the motion turns on the findings of facts. <u>Chudasama v. Mazda Motor Corp.</u>, 123 F.3d 1353, 1367 (11th Cir.1997). The Court has thoroughly reviewed the facts in this case in light of the aforementioned standards and finds that additional facts and limited discovery are necessary to resolve the jurisdictional issue.  Although Datacom seeks to stay the motion to dismiss until after full discovery has been completed, it offends the foundations of due process to continue forcing TPCKS to litigate in this distant district.  The Court believes that TPCKS is entitled to a prompt determination of the jurisdictional issue, and this is especially true in this case where the jurisdictional facts are not so complex or completely interwoven with the merits of the case as to require the Court to defer determination until after full discovery or trial.

11

Accordingly, the Court grants Datacom's request for discovery and directs the parties to engage in full discovery on this jurisdictional issue until December 8, 2006. The Court denies TPCKS's motion to dismiss without prejudice and with leave to renew after December 8, 2006. The Court denies plaintiff's alternative motion to stay because the Court will not stay ruling on TPCKS's motion to dismiss. Instead, the Court will rule on TPCKS's motion to dismiss only if it chooses to renew its motion after December 8, 2006.

In addition, in accordance with the Local Rules and to evaluate any possible disqualification or recusal, counsel for all parties should jointly submit a certificate of interested persons no later than November 3, 2006. The Court will stay all other matters in this case, including the filing of the Joint Preliminary Report and Discovery Plan, until December 8, 2006. On December 9, 2006, the Court will lift the stay and the parties shall proceed with this case in accordance with all rules.

12

Conclusion

For the foregoing reasons, the Court DENIES TPCKS, Inc.'s motion to dismiss for lack of personal jurisdiction WITHOUT PREJUDICE and WITH LEAVE TO RENEW [#5]; DENIES plaintiff's motion to stay consideration of defendant's motion to dismiss [#7]; and DENIES plaintiff's motion for oral argument [#12].

The Court DIRECTS the parties to engage in full discovery on the issue of personal jurisdiction until December 8, 2006; DIRECTS the parties to jointly submit a certificate of interested persons by no later than November 3, 2006; and STAYS this case until December 8, 2006.

IT IS SO ORDERED, this 20th day of October, 2006.

Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia

13